### EX PARTE AUGUST KENT.

No. 16057.   Delivered May 24, 1933.
Reported in 60 S. W. (2d) 786.

The opinion states the case.

*Ernest T. Adams,* of Dallas, for appellant.

*Hugh S. Grady*, City Atty., and *H. P. Kucera*, Asst. City Atty., both of Dallas, and *Lloyd W. Davidson*, State's Attorney of Austin, for the State.

CALHOUN, JUDGE.—This is an original application for habeas corpus filed in this court May 5, 1933, in which the relator, August Kent, by affidavit, states that he is in the custody of Claude W. Trammell, chief of police of the City of Dallas, by virtue of a capias pro fine issued by the judge of the corporation court of the City of Dallas upon a judgment theretofore entered on the 15th day of April, 1933. The relator contends that the law upon which the judgment is founded is invalid, and that he has no remedy by appeal to this court, and that the city ordinance of the City of Dallas under which he was convicted is void, and by reason thereof he is illegally restrained of his liberty and applies to this court for a writ of habeas corpus to order his discharge from the custody of the chief of police aforesaid.

On the 17th day of May, 1933, the said Claude W. Trammel, respondent, filed a motion in this court to dismiss said application for habeas corpus, and, by sworn answer shows that, while it is true that the said August Kent was convicted on the 14th day of April, 1933, in the corporation court of the City of Dallas for violating the junk ordinance of said city and he was incarcerated in the city jail for failure to pay the fine assessed by the order of the said corporation court, on the 3rd day of May, 1933, the said August Kent filed with the city council and John N. Edy, city manager, an application for remission of his fine, and that he be released from further custody. It is further shown by said answer that on the 4th day of May, 1933, the city manager issued an order cancelling and remitting the unpaid portion of the fine assessed against the said August Kent and ordered his release from custody. The answer of the respondent further shows that the said August Kent was actually released from custody on the 4th day of May, 1933, and the relator was not in custody at the time the writ of this court was issued on the 5th day of May, 1933.

The answer of the respondent is not in any way contested or denied by the applicant herein. The matter herein having become moot because of the release of the applicant, there is nothing for this court to consider and the application for habeas corpus is therefore dismissed.

Application dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.