**Ex parte Grace BRAMMER.**

**No. 37477.**

Court of Criminal Appeals of Texas.

Oct. 28, 1964.

Bracewell, Reynolds & Patterson, by William Key Wilde, Jack J. Rawitscher, Stanley B. Binion, Houston, for appellant.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr. and Carl E. F. Dally, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

On September 10, 1964, relator presented to this court her petition for writ of habeas corpus, in which it was alleged that she was illegally confined and restrained of her liberty by the sheriff of Harris County, by virtue of a certain order issued by Judge Wendall Odom, Judge of the Criminal District Court No. 2 of Harris County, finding her in contempt of court.

Said petition was ordered filed and set for hearing on October 5, 1964, on the question of whether the writ shall issue.

A certified copy of Judge Odom's order dated August 25, 1964, is attached to the petition, in which order relator was adjudged in contempt for refusing to testify and give answers to certain questions which had been propounded to her by the May, 1964, term grand jury of said court after having been granted immunity from prosecution, such refusal being on the ground that to do so would tend to incriminate her husband.

The order provides that relator be punished by a fine in the sum of $100 and that she be committed to the jail of Harris County until she is willing to testify.

On October 5, 1964, the date set for hearing, a motion to dismiss the petition was filed in the cause by the state, alleging that the relief prayed for had been granted and that the petition for relief had been rendered moot.

Attached to the state's motion to dismiss is a certified copy of an order entered by Judge Wendall Odom on September 25, 1964, setting aside and holding for naught the order of contempt entered against relator upon a finding that she had been jointly indicted with her husband, James Brammer, and others, and that the order of contempt had become moot because she could not purge herself, as required by said order.

The order further directs the sheriff of Harris County to return to the district clerk of Harris County the commitment issued on said order of contempt.

It now appearing that relator is no longer subject to restraint by virtue of the order of contempt, the matter presented to this court with reference to the legality of her restraint has become moot and the petition should be dismissed. Ex parte Kent, 124 Tex.Cr.R. 31, 60 S.W.2d 786.

The petition is dismissed.

Opinion approved by the court.